## The Pennsylvania Company
### v.
### Edwin Edwards.

1. Negligence.—Where appellee had a car load of wheat standing upon a warehouse track and the track was for the use of the warehouse, and was not one of the regular team tracks but was so located that teams for unloading were in danger from appellant's locomotives, and appellee's teamster asked appellee to send some one with him to watch for trains and no one was sent, and at dusk, while the teamster was loading the grain and was in the car where he testified he could not hear the signals sounded on account of the noise outside, appellant's train collided with the team and caused injury. *Held,* that appellee and his teamster were guilty of gross negligence in thus exposing the property to danger and such negligence was the primary cause of the injury.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed December 21, 1883.

Messrs. Willard & Driggs, for appellant.

Mr. L. C. Cooper, for appellee.

McAllister, P. J. This action was brought in the court below, by appellee Edwards against the appellant company, to recover damages for an injury to the team, wagon, etc., of plaintiff, occasioned by a collision therewith by one of defendant's locomotives, while moving a train of freight cars along what was known as West Water street, in the city of Chicago, at a point between Randolph and Lake streets, being about a hundred feet north of the Randolph street viaduct. The plaintiff recovered, and the defendant has appealed to this court. It appeared on the trial, under the general issue, by undisputed evidence, that the plaintiff had a car load of wheat standing upon a warehouse track, which runs up to Lyke's warehouse, situate between one hundred and one hundred and fifty feet north of the Randolph street viaduct, which car had been standing there some four or five days.

The track on which it stood was for the use of that warehouse and was not one of the regular team-tracks, as they are called, which are so located that teams may be placed for loading and unloading cars, without danger from locomotives, and trains running upon either of the main tracks. On the morning of January 3, 1881, the plaintiff directed his teamster, having charge of the team in question, to take it, and haul the wheat from said car over to a warehouse in the north division of Chicago. The teamster, being aware of the situation of said car, requested plaintiff to send somebody with him to assist in watching for trains. Nobody was sent, and the teamster went alone for the purpose. Having drawn away two loads during the day, he went alone, just at the dusk of the evening, for a third load. The wagon was a large grain wagon. The wheat was in a grain or box car, and from its situation, he was obliged to place the wagon so that a portion of it as well as the horses were in close proximity to and partly upon one of the main tracks, which was in daily use by the passing and re-passing of locomotives and freight trains, and which were likely to come along, on such track, at any time. The teamster was obliged to go into the car, and shovel out the grain into the large box of the wagon; there were several hundred bushels of wheat in the car, much more than he could take at that load. The darkness of night was fast approaching; he had no light and no one to watch for him. Besides, vehicles were constantly passing over the Randolph street viaduct, making such a noise, that, as he himself testified, he could hear neither whistle nor bell of locomotives, if sounded or rung. While he was thus engaged a locomotive hauling a train of fifteen freight cars of defendant, coming from the south, at a slow rate of speed, collided with the team and wagon so situated, killing one of the horses, injuring the other, and doing some damage to the wagon and harness.

We have examined the record in this case with care, and are brought to the conclusion that the plaintiff and his teamster were guilty, not only of a want of ordinary care, but of gross negligence, in thus exposing the property in question to

danger; and that such negligence was the primary cause of the injury. If the plaintiff and his teamster were guilty of only ordinary negligence contributing to the injury, then it would be incumbent upon the plaintiff, who was subject to the burden of proof to prove that the injury was willfully inflicted by the agents or servants of the defendant, having the care and management of the colliding train. C., B. & Q. R. R. Co. v. Johnson, Admr., 103 Ill. 520–1. The evidence does not even tend to prove a willful injury on their part. The bell was rung and the whistle sounded. They did everything reasonably practicable to avoid the injury, as soon as those in charge of the train discovered the team, which they had no reason to suppose would be there at such a time and under such circumstances. The verdict of the jury was manifestly against the law and the evidence, and the court below should have set it aside. The judgment below will be reversed.

Judgment reversed.